## M. F. PACK v. STATE.

No. A-8460. Jan. 6, 1933.

(18 Pac. [2d] 284.)

Mathers & Mathers, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Cleveland county of the offense of driving an automobile while intoxicated, and his punishment fixed by the jury at a fine of $750 and imprisonment in the state penitentiary for a period of nine months.

The evidence of the state was that Earl Fuzzell, accompanied by his father, Joe Fuzzell, was driving a model A Ford coupe east on highway 37, a few miles south of Norman, at about 7 o'clock in the evening of November 6, 1931; that he saw a car approaching from the east, with bright lights and zig-zagging back and forth across the road; that he pulled his car as far over to the right-hand side of the road as possible and stopped; that immediately thereafter the car driven by defendant swerved over to the left-hand side of the road and struck his car head on, knocking it back a few feet and demolishing the front of the car; that he was slightly, and his father seriously, injured by being thrown against the windshield of his car; that defendant opened the left door of his car and climbed out from under the steering wheel; that he was drunk and staggering around, denying that he owned the

car or was driving it; that shortly after the accident defendant got a half-gallon glass fruit jar out of his car and tossed it in the grass at the side of the road; that later the sheriff took possession of this jar and that it contained between half a pint and a pint of whisky.

Defendant did not take the witness stand, but sought to show by Guy Foster, Sr., and Guy Foster, Jr. (who was ten years of age), that the car was not being driven by defendant, but by Guy Foster, Jr. Foster, Sr., admitted that the car belonged to defendant and that there was whisky in the car, and that he and defendant had taken a drink or two.

In rebuttal, the state showed that Guy Foster, Jr., told two different people in the doctor's office that he was not driving the car, but that defendant was. This evidence presented a clear conflict, which was for the jury.

The defense of defendant has all the earmarks of being manufactured for the occasion, and evidently was not believed by the jury.

Complaint is made that the court erred in refusing to let the defendant show by the witness F. E. Walker that Guy Foster, Jr., was driving the car when it left his filling station. The record discloses:

"Q. I will ask you if they drove into your station on the evening of November 6th? A. I would not be exact as to the date, but it was near that time."

The state objected to the introduction of this evidence for the reason that the witness was not positive as to the date, and did not fix the distance from his filling station to the place where the accident occurred. The court permitted the witnesses Guy Foster, Sr., and Guy Foster, Jr., to testify that Junior was driving the car at the time of

the accident. Certainly Walker's testimony, being so vague and uncertain, could not have added anything to the force of the Fosters' testimony.

The court properly sustained the state's objection as being too indefinite and remote.

Complaint is also made that the court erred in permitting Sheriff Jennings to testify that, in the presence of defendant, Earl Fuzzell directed him to where the half-gallon fruit jar, which contained the whisky testified to, had been thrown by defendant.

No objection was made to this evidence, but the objection was made to the introduction of the whisky as not having been properly identified.

The question here presented was not properly raised in the trial court, but was apparently waived by counsel for defendant.

An examination of the entire record discloses defendant's guilt beyond any question.

The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.